UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JEFFERY DEL FISH,<br><br>                      Plaintiff,<br>         v.<br><br>ACTING COMMISSIONER OF SOCIAL SECURITY,<br><br>                      Defendant. | Case No. 3:24-cv-05245-TLF<br><br>ORDER REVERSING AND REMANDING DEFENDANT'S DECISION TO DENY BENEFITS |

Plaintiff filed this action pursuant to 42 U.S.C. § 405(g) for judicial review of defendant's denial of plaintiff's application for supplemental security income ("SSI"). Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73, and Local Rule MJR 13, the parties have consented to have this matter heard by this Magistrate Judge. Dkt. 3. Plaintiff challenges the ALJ's decision finding that plaintiff was not disabled. Dkt. 5, Complaint.

On September 23, 2020, plaintiff applied for SSI alleging a disability onset date of May 12, 2020. AR 194. The claims were denied initially and on reconsideration. AR 97, 110. On August 1, 2023, a hearing was conducted by Administrative Law Judge (ALJ) Mary Ann Poulose. AR 35. The ALJ issued an unfavorable decision, finding plaintiff was not disabled as of the date the application was filed. AR 14-34. On January 30, 2024, the Appeals Council denied plaintiff's request for review. AR 1.

ALJ Poulose found that plaintiff had the following severe impairments: status post cervical fusion and heroin use disorder. AR 20. As a result, the ALJ concluded that plaintiff had the residual functional capacity (RFC) to perform light work as defined under 20 CFR 416.967(b) except the plaintiff can never climb ladders, ropes, or scaffolds; can never crawl; and can never have exposure to unprotected heights, heavy machinery, or commercial driving. AR 22. The ALJ subsequently determined that although plaintiff cannot perform his past relevant work as a ships carpenter, there are jobs that exist in significant numbers in the national economy that the plaintiff can perform. AR 27. Representative jobs included cashier II, housekeeping cleaner, and sales attendant. AR 28.

## STANDARD

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of Social Security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Revels v. Berryhill,* 874 F.3d 648, 654 (9th Cir. 2017) (internal citations omitted). Substantial evidence is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill,* 139 S. Ct. 1148, 1154 (2019) (internal citations omitted). The Court must consider the administrative record as a whole. *Garrison v. Colvin,* 759 F.3d 995, 1009 (9th Cir. 2014). The Court also must weigh both the evidence that supports and evidence that does not support the ALJ's conclusion. *Id.* The Court may not affirm the decision of the ALJ for a reason on which the ALJ did not rely. *Id.* Rather, only the reasons identified by the ALJ are considered in the scope of the Court's review. *Id.*

ISUE PRESENTED

Whether the ALJ's decision erroneously rejected the opinion of Michael Wauters, MD, consultative examiner, based on legal error or lack of substantial evidence to support the decision.

DISCUSSION

Under the 2017 regulations, ALJs "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s). . . ." *Id.* §§ 404.1520c(a), 416.920c(a). Instead, ALJs must consider every medical opinion or prior administrative medical finding in the record and evaluate the persuasiveness of each using specific factors. *Id.* §§ 404.1520c(a), 416.920c(a).

The two most important factors affecting an ALJ's determination of persuasiveness are the "supportability" and "consistency" of each opinion. *Id.* §§ 404.1520c(a), 416.920c(a). "Supportability means the extent to which a medical source supports the medical opinion by explaining the 'relevant . . . objective medical evidence.'" *Woods v. Kijakazi*, 32 F.4th 785, 791–92 (9th Cir. 2022) (quoting 20 C.F.R. § 404.1520c(c)(1)); *see also* 20 C.F.R. § 416.920c(c)(1). An opinion is more "supportable," and thus more persuasive, when the source provides more relevant "objective medical evidence and supporting explanations" for their opinion. 20 C.F.R. §§ 404.1520c(c)(1), 416.920c(c)(1).

"Consistency means the extent to which a medical opinion is 'consistent . . . with the evidence from other medical sources and nonmedical sources in the claim.'" *Woods*, 32 F.4th 785 at 792 (quoting 20 C.F.R. § 404.1520c(c)(2)); *see also* 20 C.F.R. §

3

416.920c(c)(2). ALJs must articulate "how [they] considered the supportability and consistency factors for a medical source's medical opinions" when making their decision. 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2). "Even under the new regulations, an ALJ cannot reject an examining or treating doctor's opinion as unsupported or inconsistent without providing an explanation supported by substantial evidence." *Woods*, 32 F.4th at 792.

      A. Dr. Wauters' Opinion

      Dr. Wauters submitted his evaluation of plaintiff on July 25, 2023. AR 1252-1254. In his evaluation, Dr. Wauters indicated that plaintiff's medical conditions include chronic neck pain/limited mobility after surgery, hepatis C, and opioid use disorder. He stated plaintiff's primary symptoms are neck and upper back pain. As a result, Dr. Wauters opined plaintiff can rarely reach overhead or shoulder height and can never move his neck up and down or side to side (to greater than 50 degrees of extension or flexion) in an 8-hour workday on an ongoing basis.

      The ALJ found Dr. Wauters' opinion unpersuasive because his opinions "are not supported by citations to evidence and are not consistent with the evidence including Dr. Wauters' treatment notes." AR 26. The ALJ explained Dr. Wauters' treatment notes stated that plaintiff had neck pain and decreased range of motion in the neck, but not shoulder or hand pain. *Id.*

      The ALJ's decision states Dr. Wauters' opinions about shoulder and hand pain are not supported by citations to evidence and are inconsistent with the evidence, but the ALJ does not explain why Dr. Wauters' opinion about plaintiff's neck limitations was improper. The ALJ seems to question Dr. Wauters' opinion only with respect to the

portions of the opinion describing and discussing plaintiff's shoulder and hand pain. AR 26.

Dr. Wauters' treatment notes support his assessment; on various occasions, plaintiff reported chronic neck pain (in 2020 plaintiff had an epidural abscess/infection and the neck pain related to this condition and surgical treatment, see AR 1235, 1241, 1248, 1250). Some of the treatment notes show that there was "some improvement" with medication. AR 1233, 1236, 1239. On other occasions, plaintiff told Dr. Wauters his neck pain increased when he lifted hay bales and his pain was relieved only if he lay flat; this prevented him from walking or engaging in exercise. AR 1242, 1248. Dr. Wauters' treatment notes also document that medication was helping with neck pain, but pain worsened after plaintiff lifted hay bales. AR 1235-1236, 1241-1243. And that plaintiff experienced some improvement with medication does not affect the supportability or consistency factors relating to Dr. Wauters' opinion. The mere occurrence of "some improvement," does not undermine a physician's opinion about their patient's impairments and how those impairments affect their ability to work. *See Smith v. Kijakazi,* 14 F.4th 1108, 1115-1116 (9th Cir. 2021); *Ghanim v. Colvin,* 763 F.3d 1154, 1164 (9th Cir. 2014); *Holohan v. Massanari,* 246 F.3d 1195, 1205 (9th Cir. 2001) (if ALJ cites evidence indicating plaintiff experienced some improvement in a chronic condition, the evidence does not necessarily mean the physician's assessment of impairments and work-related limitations is unreliable; the instances of "some improvement" must be considered in context of the overall medical record).

The ALJ's duty to set forth his reasoning "in a way that allows for meaningful review," *Brown-Hunter v. Colvin*, 806 F.3d 487, 492 (9th Cir. 2005), requires building an

1  "accurate and logical bridge from the evidence to [the ALJ's] conclusions." *Blakes v.*
2  *Barnhart*, 331 F.3d 565, 569 (7th Cir. 2003). The ALJ stated that Dr. Wauters' opinion
3  about plaintiff's shoulder and hand pain was unpersuasive and observed that plaintiff's
4  symptoms were somewhat improved by medicine, but the ALJ's decision does not
5  discuss the findings in the report relating to plaintiff's neck pain. Thus, the ALJ erred in
6  evaluating Dr. Wauter's opinion.

7      B. Harmless Error

8      An error inconsequential to the non-disability determination is harmless. *Stout v.*
9  *Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1054 (9th Cir. 2006). If the errors of the ALJ
10  result in an RFC that does not include relevant work-related limitations, the RFC is
11  deficient, and the error is not harmless. *Id.* at 1052, 1054*; see also, Carmickle,* 533 F.3d
12  at 1160; *Embrey v. Bowen,* 849 F.2d 418, 422-423 (9th Cir. 1988); *Stramol-Spirz v.*
13  *Saul,* 848 Fed. Appx. 715, 718 (9th Cir. 2021) (unpublished). This causes incomplete
14  hypothetical questions to be presented to the VE. *Hill v. Astrue*, 698 F.3d 1153, 1162
15  (9th Cir. 2012). And if, in determining a claimant is not disabled, the ALJ relies on the
16  answers provided by the VE—as the ALJ did here—the ALJ's disability determination
17  would be impacted. *See id*.

18      The ALJ's error in considering Dr. Wauters' opinion about plaintiff's neck pain is
19  not harmless, as its proper evaluation could alter the ALJ's RFC assessment, additional
20  hypothetical questions to the VE about the limitation concerning range of motion in
21  plaintiff's neck, and thus might affect the ALJ's overall decision that plaintiff is not
22  disabled.

C. Remand With Instructions for Further Proceedings

"'The decision whether to remand a case for additional evidence, or simply to award benefits[,] is within the discretion of the court.'" *Trevizo v. Berryhill*, 871 F.3d 664, 682 (9th Cir. 2017) (quoting *Sprague v. Bowen*, 812 F.2d 1226, 1232 (9th Cir. 1987)). If an ALJ makes an error and the record is uncertain and ambiguous, the court should remand to the agency for further proceedings. *Leon v. Berryhill*, 880 F.3d 1041, 1045 (9th Cir. 2017). Likewise, if the court concludes that additional proceedings can remedy the ALJ's errors, it should remand the case for further consideration. *Revels*, 874 F.3d at 668.

The Ninth Circuit has developed a three-step analysis for determining when to remand for a direct award of benefits. Such remand is generally proper only where

> "(1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand."

*Trevizo*, 871 F.3d at 682-83 (quoting *Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014)).

The Ninth Circuit emphasized in *Leon* that even when each element is satisfied, the district court still has discretion to remand for further proceedings or for award of benefits. *Leon*, 80 F.3d at 1045.

The Court has found that the ALJ erred in evaluating medical opinion evidence about symptoms and limitations of plaintiff's neck condition, and that this error was not harmless. The record related to this medical opinion evidence is not free from

ambiguity. Accordingly, this matter is reversed for further administrative proceedings, including a de novo hearing.

## CONCLUSION

Based on the foregoing discussion, the Court concludes the ALJ improperly determined plaintiff to be not disabled. Therefore, the ALJ's decision is reversed and remanded for further administrative proceedings.

Dated this 1st day of November, 2024.

Theresa L. Fricke
United States Magistrate Judge